IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RAYDALE MITCHELL,**
**# 07514-090,**
**Petitioner,**

**v.**                                                    **No. 3:17-cv-00639-DRH**

**WILLIAM TRUE,**
**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Raydale Mitchell is a federal prisoner who is currently incarcerated in this federal judicial district at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). In 2012, he was convicted in the United States District Court for the Western District of Wisconsin of distributing heroin in violation of 21 U.S.C. § 841(a)(1). *See United States v. Mitchell*, No. 11-cr-83-bbc (W.D. Wis. 2011). Because of several prior state court convictions, Mitchell was sentenced as a career offender under U.S.S.G. § 4B1.1(a), (b)(3). In the instant habeas petition filed pursuant to 28 U.S.C. § 2241, Mitchell now contends that his prior Illinois armed robbery conviction and Wisconsin aggravated battery conviction can no longer be used to enhance his sentence in light of the Supreme Court's recent decision in *Mathis v. United States*, 136 S.Ct. 2243, 2248-50 (2016).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District

Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I. Background

In 2012, Mitchell was convicted pursuant to a guilty plea of distributing heroin in violation of 21 U.S.C. § 841(a)(1). *See United States v. Mitchell*, No. 11-cr-83-bbc (W.D. Wis. 2011) ("criminal case"). The United States District Court for the Western District of Wisconsin sentenced him as a career offender to 168 months under U.S.S.G. § 4B1.1(a), (b)(3). (Docs. 50, 55, criminal case). His conviction was affirmed on direct appeal in *United States v. Mitchell*, 525 F. App'x 479 (7th Cir. 2013). (Doc. 66, criminal case).

Mitchell filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this District. *Mitchell v. United States*, No. 14-cv-693-DRH (S.D. Ill. June 16, 2014). Two weeks later, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the Western District of Wisconsin. *Mitchell v. United States*, No. 14-cv-473-jdp (W.D. Wis. June 30, 2014). He raised the same arguments in both. *Compare Mitchell v. United States*, No. 14-cv-473-jdp (Doc. 1, p. 10) (summary of arguments); *Mitchell v. United States*, No. 14-cv-693-DRH (Doc. 1-1, p. 10) (summary of arguments). Mitchell attacked his conviction based on the allegedly ineffective assistance of his counsel. *Id*.

This Court dismissed the § 2241 Petition on July 14, 2014, after concluding that it did not trigger application of the "savings clause" under 28 U.S.C. § 2255(e). *Mitchell v. United States*, No. 14-cv-693-DRH (Doc. 5, pp. 5-8). The Court offered no comment on the merits of his § 2255 Motion in the dismissal order. (Doc. 5, p. 7). Mitchell did not appeal this decision.

Mitchell then amended his § 2255 Motion to include an argument that his sentence as a career offender was unconstitutional. *See Mitchell v. United States*, No. 14-cv-473-jdp (Doc. 8). He relied on theories set forth in *Johnson v. United States*, 135 U.S. 2551 (2015), and *United States v. Hurlburt*, No. 15-1686, 2016 WL 4506717 (7th Cir. Aug. 29, 2016). (Doc. 8, pp. 8-10). Mitchell argued that his Illinois conviction for armed robbery (Cook County Case No. 88-CR-1639602) and his Wisconsin conviction for aggravated battery (Dane County Case No. 03-CF-909) no longer qualified as crimes of violence. The Western District of Wisconsin allowed him to amend, but denied the § 2255 Motion and declined to issue a certificate of appealability on October 31, 2016. (Doc. 12).

The Western District of Wisconsin explained that it was unable to discern whether the sentencing court relied on the elements clause or the residual clause when sentencing Mitchell as a career offender. *Mitchell v. United States*, No. 14-cv-473-jdp (Doc. 8, p. 9). However, even if it relied on the residual clause, which was declared unconstitutional in *Johnson*, the district court explained that Mitchell's two prior state court convictions would still qualify as crimes of violence under the elements clause. *Id*. The district court concluded that

"[b]ecause the court's career-offender finding does not depend on the residual clause of U.S.S.G. § 4B1.2(a), that finding is not unconstitutional under *Hurlburt* and *Johnson*." (Doc. 8, p. 10).

Mitchell filed an application for a certificate of appealability with the Seventh Circuit Court of Appeals. *Mitchell v. United States*, No. 16-4192 (7th Cir.). After reviewing the district court's final order dismissing the § 2255 Motion and the record on appeal, the Seventh Circuit denied Mitchell's application on May 31, 2017. *Id*. The Seventh Circuit reasoned that it found no substantial showing of the denial of a constitutional right. *Id*. (citing 28 U.S.C. § 2253(c)(2)).

## II. Habeas Petition

In the instant § 2241 Petition, Mitchell claims that he no longer qualifies as a career offender under the United States Supreme Court's recent decision in *Mathis v. United States*, 136 U.S. 2243 (2016). Mitchell maintains that his Illinois armed robbery conviction and Wisconsin aggravated battery conviction no longer qualify as crimes of violence under the elements clause. (Doc. 1, p. 7). Mitchell asserts that he will suffer a miscarriage of justice if *Mathis* is not applied to his case. (Doc. 1, p. 11). He also argues that removal of the career offender status will allow him to take advantage of other recent changes in the law, such as the "drugs minus two" amendment. (Doc. 1, p. 7).

## III. Discussion

Typically, a federally convicted person may challenge his conviction and sentence on direct appeal or by bringing a motion pursuant to 28 U.S.C. § 2255 in

the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, there is a limit on the number of collateral attacks a prisoner may bring under § 2255. Mitchell has already filed one. *Mitchell v. United States*, No. 14-cv-473-jdp (W.D. Wis.).

A prisoner may not file a second or successive § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Seventh Circuit has held that arguments based on *Mathis* do not warrant second or successive collateral attacks and "must be brought, if at all, in a petition under 28 U.S.C. § 2241." *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016).

Under the "savings clause" of § 2255(e), a federal prisoner may file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). A remedy is considered "inadequate or ineffective," if the federal prisoner "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is deemed to be inadequate or ineffective when three requirements

are met: (1) the petition relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first § 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012).

Mitchell relies primarily on *Mathis v. United States*, 136 S.Ct. 2243 (2016), a case that addresses the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In *Mathis*, the Supreme Court set forth the test that should be applied when determining whether a state conviction falls within the elements clause. The Supreme Court in *Mathis* considered an Iowa burglary conviction. *Mathis*, 136 S.Ct. at 2248-50. Mitchell contends that his state court convictions no longer qualify as crimes of violence under the theory set forth in *Mathis*, and he should no longer be subject to an enhanced sentence as a career offender.

*Mathis* is a "new" statutory interpretation case, satisfying the first *Davenport* requirement. *See Dawkins*, 829 F.3d at 551 (*Mathis* is a new rule of statutory and not constitutional law); *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

Turning to the second *Davenport* requirement, this Court notes that *Mathis* is a substantive rule, *Dawkins*, 829 F.3d at 551, and controlling precedent indicates that substantive Supreme Court rules are applied retroactively, *Narvaez*

v. *United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). This Court has repeatedly found that the second requirement is satisfied at this stage and makes the same finding here. *But see Street v. Williams*, No. 17-cv-364-bbc, 2017 WL 3588651 (W.D. Wis. dismissed August 18, 2017); *Neff v. Williams*, No. 16-cv-749-bbc, 2017 WL 3575255 (W.D. Wis. dismissed August 17, 2017); *Van Cannon v. United States*, No. 16-cv-433-bbc and 08-c5-185-bbc (W.D. Wis. dismissed July 10, 2017) (finding that *Mathis* does not meet the criteria for retroactivity).

Finally, the alleged increase in Mitchell's sentence based on the career offender enhancement could amount to a miscarriage of justice. The Court finds that the instant § 2241 Petition facially satisfies the *Davenport* requirements.

With that said, the Court notes that "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (7th Cir. 2016). It remains to be seen whether *Mathis* applies to Mitchell's sentence, which was enhanced under the advisory sentencing guidelines and not the ACCA. The Supreme Court recently held that the residual clause in U.S.S.G. § 4B1.2(a) was not subject to a vagueness challenge, distinguishing a sentence imposed under the advisory sentencing guidelines from a sentence under the residual clause of the ACCA. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (March 6, 2017) (distinguishing *Johnson*, 135 S.Ct. 2551 (2015)).

Given that the application of *Mathis* is still developing and the record before this Court is limited, it is not plainly apparent that relief is unwarranted. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Accordingly, a response to the § 2241 Petition will be ordered.

### IV.    Pending Motion

Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** as being **MOOT** because the $5.00 filing fee for this action has been paid.

### V.    Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS ORDERED** that Respondent Warden William True shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before September 27, 2017).[1]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings and for disposition.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge **Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 28th day of August, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.28 12:11:55 -05'00'

**UNITED STATES DISTRICT JUDGE**