IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYDALE MITCHELL, )
 )
         Petitioner, )
 )
vs. ) Civil No. 17-cv-639-DRH-CJP
 )
WILLIAM TRUE, )
 )
         Respondent. )

## MEMORANDUM and ORDER

Petitioner Raydale Mitchell filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). See, Memorandum in Support, Doc. 5.

Respondent filed a response at Doc. 11, and petitioner filed a reply at Doc. 16.

### Relevant Facts and Procedural History

Pursuant to a written plea agreement, Mitchell pleaded guilty to one count of distribution of heroin in the Western District of Wisconsin. The agreement did not include a waiver of appeal rights. On June 1, 2012, he was sentenced to 168 months imprisonment. *United States v. Mitchell*, Case No. 11-cr-00083-jdp, Docs. 25. & 51.

Mitchell filed a direct appeal. In its non-precedential order affirming the conviction and sentence, the Seventh Circuit stated:

Two prior felony convictions involving a crime of violence made

1

> Mitchell a career offender, see U.S.S.G. §§ 4B1.1(a), (b)(3), which gave him an offense level of 29 after a 3–level reduction for acceptance of responsibility, see id. § 3E1.1, and yielded a guidelines sentence of 151 to 188 months. The probation officer who prepared the presentence report determined that, without the career-offender analysis, Mitchell would be subject to an identical guidelines range based on the amount of heroin attributable to him, see id. §§ 2D1.1(a)(5), (c)(5), and a 2–level increase because Mitchell had acted as an organizer by paying his brother to deliver some of the heroin for him, see id. § 3B1.1(c).

*United States v. Mitchell*, 525 F. App'x 479, 480 (7th Cir. 2013).

Mitchell also filed a motion under 28 U.S.C. § 2255. He argued ineffectiveness of counsel and that his classification as a career offender was no longer valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015). The motion was denied in October 2016. Case No. 14-cr-00473-jdp, Doc. 12.

### **Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals

2

certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a

miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## **Analysis**

Mitchell's argument has shifted over time. Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), he originally argued that his prior convictions for Illinois armed robbery and Wisconsin aggravated battery no longer qualify as crimes of violence for purposes of the career offender enhancement. See, Memorandum in Support, Doc. 5. In his reply, Doc. 16, he advanced a different argument, that his armed robbery conviction was too old to have been used as a predicate conviction for the career offender enhancement. This new argument does not rely on *Mathis* at all.

The petition must be denied as to both arguments.

Mitchell cannot bring a *Mathis* claim in a § 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did

not exceed the statutory maximum.")

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2012, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

Petitioner's second argument about the age of the armed robbery conviction cannot be brought in a § 2241 petition because it does not arise out of a new rule of law at all. Petitioner acknowledges that his attorney objected to the presentence report on this basis, and the probation office filed an addendum to the report, "noting that the Illinois Department of Corrections had confirmed that the conviction was not discharged until 1995 (thus falling within 15 years of Mitchell's 2009 drug deals.)" The objection was then withdrawn. Mitchell now claims that new information consisting of "verbal confirmation over the phone" indicates that his armed robbery conviction was actually "early released" before 1995. Doc. 16, pp. 2-3. Clearly, this argument does not arise out of a new rule of law, much less a new rule of statutory construction that applies retroactively on collateral review, and therefore does not meet the first of the *Davenport* requirements.

In addition, any attack on the career offender enhancement is futile because petitioner faced the same Guidelines range whether or not he was considered to

be a career offender. *United States v. Mitchell*, 525 F. App'x 479, 480 (7th Cir. 2013).

## Conclusion

For the foregoing reasons, Raydale Mitchell's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.08
17:01:48 -06'00'

**United States District Judge**

6

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).